**REED SMITH LLP**
599 Lexington Avenue
New York, NY  10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
    James C. McCarroll (JM 2758)
     Email:  jmccarroll@reedsmith.com
    Lance Gotthoffer (LG 5932)
     Email:  lgotthoffer@reedsmith.com

*Attorneys for Bart M. Schwartz, as Receiver of*
*Defendants Gabriel Capital, L.P.*
*and Ariel Fund Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | No. 08-01789 (BRL) |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-1182 (BRL) |
| Plaintiff, | |
| v. | **DEMAND FOR TRIAL BY JURY** |
| J. EZRA MERKIN, *et al*. | |
| Defendants. | |

**ANSWER OF BART M. SCHWARTZ, AS RECEIVER OF**
**DEFENDANTS GABRIEL CAPITAL, L.P. AND ARIEL FUND LIMITED,**
**TO THE TRUSTEE'S SECOND AMENDED COMPLAINT**

Bart M. Schwartz, as Receiver ("Receiver") of defendants Ariel Fund Limited ("Ariel") and Gabriel Capital, L.P. ("Gabriel" and together with Ariel, the "Funds"),[1] for its answer to the Second Amended Complaint ("Complaint" or "SAC") filed by Irving H. Picard (the "Madoff Trustee") as trustee for liquidation of the Bernard L. Madoff Investment Securities LLC ("BLMIS"), responds as follows:

## NATURE OF PROCEEDING

1.      The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the SAC, except they specifically deny the allegation that they "received avoidable transfers from BLMIS" and admit, on information and belief, that Madoff pled guilty to 11 felony counts.

2.      The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the SAC, except they specifically state that J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC") provided investment advisory and administrative services to the Funds for which the Funds paid Merkin and GCC fees as per any applicable agreements between them.

3.      The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the SAC.

4.      The allegations in paragraph 4 of the SAC state legal conclusions for which no response is required.

---

[1]    The Receiver was appointed as receiver of the assets of the Funds pursuant to the Stipulation and Order Appointing Receiver, dated June 10, 2009 (the "Receivership Order") entered by the Supreme Court of the State of New York, County of New York (Lowe, J).

**JURISDICTION AND VENUE**

5.       The allegations in paragraph 5 of the SAC state legal conclusions for which no response is required.

6.       The allegations in paragraph 6 of the SAC state legal conclusions for which no response is required.

7.       The allegations in paragraph 7 of the SAC state legal conclusions for which no response is required.

**BACKGROUND, THE TRUSTEE AND STANDING**

8.       On information and belief, the Funds admit that Madoff was arrested on December 11, 2008 and charged with various crimes described in paragraph 8 of the SAC.  In addition and on information and belief, the Funds admit that the Securities and Exchange Commission ("SEC") commenced a civil action against Madoff[2] and BLMIS.

9.       The allegations in paragraph 9 of the SAC refer to an Order of The Honorable Louis S. Stanton of the District Court for the Southern District in New York and the Funds refer the Court to that document for its true content.

10.       The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the SAC and, to the extent the allegations in that paragraph refer to publicly filed documents, the Funds refer the Court to those documents for their true content.

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

11.     The allegations in paragraph 11 of the SAC refer to an Order of The Honorable Louis S. Stanton of the District Court for the Southern District in New York, and the Funds refer the Court to that document for its true content.

12.     The allegations in paragraph 12 of the SAC refer to two Orders of this Court, and the Funds refer the Court to those documents for their true content.  Further, the Funds deny the specific allegation that the Madoff Trustee "is duly qualified to serve and act on behalf of the estate of BLMIS".

13.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the SAC, except admit, on information and belief, that Madoff pled guilty during a Plea Hearing, and refer the Court to the transcript of that hearing for its true content.

14.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 14 of the SAC.

15.     The allegations in paragraph 15 of the SAC state legal conclusions for which no response is required.  To the extent any such response is required, the Funds deny the allegations therein.

16.     The allegations in paragraph 16 of the SAC state legal conclusions for which no response is required.  To the extent any such response is required, the Funds deny the allegations therein.

17.     The allegations in paragraph 17 of the SAC state legal conclusions for which no response is required.  To the extent any such response is required, the Funds deny the allegations therein.

## THE FRAUDULENT PONZI SCHEME

18.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the SAC, except admit, on information and belief, that BLMIS had an office at 885 Third Avenue, New York, New York.

19.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the SAC, except the Funds admit that BLMIS and Madoff had agreed to manage the Funds' monies consistent with their "split-strike conversion" strategy.

20.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the SAC, except admit that they received periodic statements from BLMIS showing the activity in, and value of, their accounts, and refer the Court to the transcript of Madoff's plea hearing for its true content.

21.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the SAC.

22.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the SAC.

23.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the SAC.

24.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the SAC.

25.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the SAC.

26.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the SAC.

27.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the SAC, except admit, on information and belief, that BLMIS was registered as Investment Advisor with the SEC.

28.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the SAC and, to the extent paragraph 28 refers to a filing made by BLMIS with the SEC, the Funds refer the Court to that document for its true content.

29.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the SAC, except admit, on information and belief, that David Friehling has pleaded guilty to filing false audit reports for BLMIS and false tax returns for Madoff and others.

30.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the SAC.

31.     The Funds deny the allegations of paragraph 31 of the SAC.

### THE DEFENDANTS AND THE TRANSFERS

32.     The Funds admit, on information and belief, that Merkin (i) resides at 740 Park Avenue, New York, New York 10021; (ii) sat on the Board of Trustees of Yeshiva University with Madoff; and (iii) had a business relationship with Victor Teicher.  The Funds deny the remaining allegations of paragraph 32 of the SAC, except they refer the Court to court records describing Mr. Teicher's alleged conviction for their true content.

33.     Upon information and belief, the Funds admit the allegations of paragraph 33 of the SAC.

34.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the SAC.

35.     The Funds admit the allegations of paragraph 35 of the SAC.

36.     The Funds admit the allegations of paragraph 36 of the SAC, except state that the location of Ariel Fund's "principal place of business" is a legal conclusion for which no response is required.

37.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the SAC.[3]

38.     In response to the allegations of paragraph 38 of the SAC, the Funds admit that they had accounts at BLMIS and that they had executed a Customer Agreement, an Option Agreement, and a Trading Authorization Limited to Purchases and Sales of Securities and Options (collectively, the "Account Agreements") with BLMIS.

39.     The Funds admit that they wired monies to a BLMIS account in New York.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 of the SAC and refer the Court to the Account Agreements for their true content.

---

[3]   Paragraph 37 of the SAC includes the Funds in a definition of "Defendant Funds" along with Ascot Partners, L.P. ("Ascot").  To the extent subsequent paragraphs of the SAC contain factual allegations with respect to the "Defendant Funds," the Funds' answer will be limited to their own knowledge, information and belief.  The Funds lack knowledge or information sufficient to form a belief as to the truth of any allegations concerning Ascot or any other defendant in this action, and no answer of the Funds should be interpreted as an answer for, or on behalf of, Ascot or any other defendant in this action.

40.    The Funds admit that they sent monies to BLMIS, and refer the Court to the Proofs of Claim they have submitted in this proceeding and their latest BLMIS account statements for the full amount of their transmittals to BLMIS.  The Funds deny the remaining allegations of paragraph 40 of the SAC.

41.    The Funds admit that they each received one transfer from BLMIS, on or about July 7, 2008 ($16.2 million for Ariel and $17.4 million for Gabriel), representing approximately 10% of the monies the Funds had deposited with BLMIS and approximately 5% of the amounts shown in the Funds' latest account statement prior to said transfers.  The Funds deny the remaining allegations of paragraph 41 of the SAC.

42.    The Funds admit the allegations of paragraph 42 of the SAC, except deny that they received any fees from BLMIS.

43.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the SAC.

44.    The Funds deny the allegations of paragraph 44 of the SAC, except, to the extent paragraph 44 refers to documents, the Funds refer the Court to those documents for their true content.

45.    The allegations in paragraph 45 of the SAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations therein and state that the transfers they received constituted monies belonging to the Funds and deposited with BLMIS pursuant to the Account Agreements.

46.    The allegations in paragraph 46 of the SAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations therein

and state that the transfers they received constituted monies belonging to the Funds and deposited with BLMIS pursuant to the Account Agreements.

47.     The allegations in paragraph 47 of the SAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations therein and state that the transfers they received constituted monies belonging to the Funds and deposited with BLMIS pursuant to the Account Agreements.

48.     The allegations in paragraph 48 of the SAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations therein and state that the transfers they received constituted monies belonging to the Funds and deposited with BLMIS pursuant to the Account Agreements.

49.     The allegations in paragraph 49 of the SAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations therein and state that the transfers they received constituted monies belonging to the Funds and deposited with BLMIS pursuant to the Account Agreements.

50.     The allegations in paragraph 50 of the SAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations therein and state that the transfers they received constituted monies belonging to the Funds and deposited with BLMIS pursuant to the Account Agreements.  The Funds further state that they did not receive any transfers from BLMIS in the 90 days prior to the Filing Date.

51.     The allegations in paragraph 51 of the SAC state legal conclusions for which no response is required.

52.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the SAC, except deny that the Madoff Trustee has the right to seek the avoidance of any transfers from the Funds.

### COUNT ONE

### TURNOVER AND ACCOUNTING – 11 U.S.C. § 542

53.     In response to paragraph 53 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 52 of the SAC.

54.     The allegations in paragraph 54 of the SAC state legal conclusions for which no response is required.  Moreover, in its decision on the Funds' Motion to Dismiss the SAC (the "Decision"), the Court granted the Funds' motion with respect to this Count of the Complaint and has dismissed the Madoff Trustee's claim for turnover.

55.     The allegations in paragraph 55 of the SAC state legal conclusions for which no response is required.  Moreover, in its Decision, the Court granted the Funds' motion with respect to this Count of the Complaint and has dismissed the Madoff Trustee's claim for turnover.

56.     The allegations in paragraph 55 of the SAC state legal conclusions for which no response is required.  Moreover, in its Decision, the Court granted the Funds' motion with respect to this Count of the Complaint and has dismissed the Madoff Trustee's claim for turnover.

### COUNT TWO

### PREFERENTIAL TRANSFERS – 11 U.S.C. §§ 547(b), 550 AND 551

57.     In response to paragraph 57 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 56 of the SAC.

58.      Paragraph 58 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

59.      Paragraph 59 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

60.      Paragraph 60 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

61.      Paragraph 61 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

62.      Paragraph 62 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

63.      Paragraph 63 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

64.      Paragraph 64 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

65.      Paragraph 65 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

66.      Paragraph 66 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

## **COUNT THREE**

### **FRAUDULENT TRANSFERS – 11 U.S.C. §§ 548(a)(1)(A), 550 AND 551**

67.      In response to paragraph 67 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 66 of the SAC.

68.     In response to the allegations of paragraph 68 of the SAC, the Funds admit that the one transfer they each received on or about July 7, 2008 was less than two years prior to the Filing Date.

69.     The allegations in paragraph 69 of the SAC state legal conclusions for which no response is required.

70.     The allegations in paragraph 70 of the SAC state legal conclusions for which no response is required.

71.     The allegations in paragraph 71 of the SAC state legal conclusions for which no response is required.

## COUNT FOUR

### FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550 AND 551

72.     In response to paragraph 72 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 71 of the SAC.

73.     In response to the allegations of paragraph 73 of the SAC, the Funds admit that the one transfer they each received on or about July 7, 2008 was less than two years prior to the Filing Date.

74.     The allegations in paragraph 74 of the SAC state legal conclusions for which no response is required; however, the Funds do state that they had deposited with BLMIS monies well in excess of the transfers they received.

75.     The allegations in paragraph 75 of the SAC state legal conclusions for which no response is required.

76.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the SAC.

11

77.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the SAC.

78.     The allegations in paragraph 78 of the SAC state legal conclusions for which no response is required.

79.     The allegations in paragraph 79 of the SAC state legal conclusions for which no response is required.

## COUNT FIVE

### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 276-a, 278 AND/OR 11 U.S.C. §§ 544, 550(a) AND 551

80.     In response to paragraph 80 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 79 of the SAC.

81.     The allegations in paragraph 81 of the SAC state legal conclusions for which no response is required.

82.     The allegations in paragraph 82 of the SAC state legal conclusions for which no response is required.

83.     The allegations in paragraph 83 of the SAC state legal conclusions for which no response is required.

## COUNT SIX

### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(A), 551 AND 1107

84.     In response to paragraph 84 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 83 of the SAC.

85.     The allegations in paragraph 85 of the SAC state legal conclusions for which no response is required.

86.     The allegations in paragraph 86 of the SAC state legal conclusions for which no response is required; however, the Funds do state that they had deposited with BLMIS monies well in excess of the transfers they received.

87.     The allegations in paragraph 87 of the SAC state legal conclusions for which no response is required.

88.     The allegations in paragraph 88 of the SAC state legal conclusions for which no response is required.

**COUNT SEVEN**

**FRAUDULENT TRANSFERS – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(A), 551 AND 1107**

89.     In response to paragraph 89 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 88 of the SAC.

90.     The allegations in paragraph 90 of the SAC state legal conclusions for which no response is required.

91.     The allegations in paragraph 91 of the SAC state legal conclusions for which no response is required; however, the Funds do state that they had deposited with BLMIS monies well in excess of the transfers they received.

92.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the SAC.

93.     The allegations in paragraph 93 of the SAC state legal conclusions for which no response is required.

<u>COUNT EIGHT</u>

<u>FRAUDULENT TRANSFERS – NEW YORK DEBTOR AND CREDITOR LAW §§ 275,</u>

<u>278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(A) AND 551</u>

94.    In response to paragraph 94 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 93 of the SAC.

95.    The allegations in paragraph 95 of the SAC state legal conclusions for which no response is required.

96.    The allegations in paragraph 96 of the SAC state legal conclusions for which no response is required; however, the Funds do state that they had deposited with BLMIS monies well in excess of the transfers they received.

97.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the SAC.

98.    The allegations in paragraph 98 of the SAC state legal conclusions for which no response is required.

<u>COUNT NINE</u>

<u>UNDISCOVERED FRAUDULENT TRANSFERS – NEW YORK CIVIL PROCEDURE</u>

<u>LAW AND RULES 203(g) AND NEW YORK DEBTOR AND CREDITOR LAW §§ 276,</u>

<u>276-a, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a) AND 551</u>

99.    In response to paragraph 99 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 98 of the SAC.

100.    The allegations in paragraph 100 of the SAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations therein.

101.    The allegations in paragraph 101 of the SAC state legal conclusions for which no response is required.

102.    The allegations in paragraph 102 of the SAC state legal conclusions for which no response is required.

103.    The allegations in paragraph 103 of the SAC state legal conclusions for which no response is required.

## COUNT TEN

## RECOVERY OF SUBSEQUENT TRANSFERS –NEW YORK DEBTOR AND CREDITOR LAW § 278 AND 11 U.S.C. §§ 544, 547, 548, 550(A) AND 551

104.    In response to paragraph 104 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 103 of the SAC

105.    Paragraph 105 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

106.    Paragraph 106 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

107.    Paragraph 107 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

108.    Paragraph 108 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

109.    Paragraph 109 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

## COUNT ELEVEN

## GENERAL PARTNER LIABILITY

110.    In response to paragraph 110 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 109 of the SAC.

111.    Paragraph 111 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

112.    Paragraph 112 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

113.    Paragraph 113 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

## COUNT TWELVE

## OBJECTION TO DEFENDANTS' SIPA CLAIMS

114.    In response to paragraph 114 of the SAC, the Funds repeat, reallege, and incorporate by reference each and every response to paragraphs 1 through 113 of the SAC.

115.    In response to the allegations of paragraph 115 of the SAC, the Funds admit that they have filed SIPA claims and refer the Court to those documents for their true content.

116.    The Funds deny the allegations of paragraph 116 of the SAC and further state that they have detailed records which they have provided to the Madoff Trustee supporting their claims.

117.    Paragraph 117 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.  To the extent a response is required, the Funds deny the allegations therein.

118.    Paragraph 118 of the SAC relates to a Count to which the Funds have no interest and therefore no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

The Funds assert the following affirmative and other defenses without conceding in any way that they bear the burden of proof with respect to any of them.

### FIRST DEFENSE

The Madoff Trustee fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Madoff Trustee lacks standing and/or capacity to bring any claims against the Funds.

### THIRD DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, because any transfers or payments alleged by the Madoff Trustee to have been made to the Funds were on account of a debt or debts incurred by BLMIS in the ordinary course of business or financial affairs of BLMIS and the Funds and were made according to ordinary business terms, within the meaning of 11 U.S.C. § 547(c)(2).

### FOURTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, to the extent any transfers or payments by BLMIS to or for the benefit of the Funds, the Funds gave subsequent new value to or for the benefit of BLMIS that was not secured by an otherwise unavoidable security interest and on account of which new value BLMIS did not make an otherwise unavoidable transfer to or for the benefit of the Funds, within the meaning of 11 U.S.C. § 547(c)(4).

## FIFTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, to the extent the Funds took for new value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer, within the meaning of 11 U.S.C. § 550(b) (1).

## SIXTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, by laches.

## EIGHTH DEFENSE

The Madoff Trustee's claims are barred by the doctrines of waiver, estoppel, and unclean hands.

## NINTH DEFENSE

The Madoff Trustee's claims are barred by the doctrine of in *pari delicto* and/or the *Wagoner* rule because, among other things, the acts of its predecessors, agents, and representatives (including Madoff and BLMIS) are imputed on the Madoff Trustee.

## TENTH DEFENSE

All claims in the Complaint should be dismissed on the grounds that the Funds justifiably relied on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission and the Securities Investor Protection Corporation, to monitor and oversee the activities of BLMIS.

## ELEVENTH DEFENSE

The Madoff Trustee has no legal or factual basis for altering any arrangement of any tax refunds sought by Ariel Fund.

## TWELFTH DEFENSE

The Madoff Trustee's claims are barred because the Funds are entitled to a set-off based on BLMIS's misconduct and/or the contractual agreements the Funds had entered into with BLMIS.

## THIRTEENTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, because any alleged transfer sought to be avoided did not enable the Funds to receive more than they would have received if BLMIS were in a Chapter 7 proceeding.

## FOURTEENTH DEFENSE

Any amounts received by the Funds from BLMIS are settlement payments exempt from avoidance under Section 546(e) of the Bankruptcy Code.

## FIFTEENTH DEFENSE

The transfers at issue in the Complaint and any amounts the Funds received from BLMIS are not property of the estate as such amounts were held by BLMIS in constructive trust or as a bailee for the Funds.

## SIXTEENTH DEFENSE

The transfers at issue in the Complaint and any amounts the Funds received from BLMIS satisfy an antecedent debt for which the Trustee is not entitled to avoid and recover.

## SEVENTEEN DEFENSE

The Madoff Trustee's claims are barred by section 548(c) and 548(d)(2)(A) and 548(d)(2)(B) of the Bankruptcy Code.

## EIGHTEENTH DEFENSE

The Madoff Trustee's claims are barred because bringing this action is an abuse of his discretion.

## NINETEENTH DEFENSE

The transfers at issue in the Complaint and any amounts the Funds received from BLMIS are not property of the estate because BLMIS never had a legal interest in the transferred funds.

## TWENTIETH DEFENSE

The Madoff Trustee's claims are not ripe, because he has failed to demonstrate that the conditions of 15 U.S. § 78fff-2(c)(3) have been met.

## TWENTY-FIRST DEFENSE

The Madoff Trustee's claims are barred because the Funds always acted in good faith with respect to their investments in, and redemptions from, BLMIS.

## TWENTY-SECOND DEFENSE

The Funds and their investors are victims of the Madoff fraud and any claims against them should be dismissed as unconscionable and in violation of public policy.

## TWENTY-THIRD DEFENSE

The Funds adopt and incorporate by reference any and all other defenses and/or affirmative defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that the Funds may share in such defenses.

## RESERVATION OF RIGHTS

The Funds hereby give notice that they intend to rely upon any other defenses that may become available or appear during the pre-trial proceedings based upon evidence obtained through discovery or otherwise, and hereby reserve their right to amend their answer and assert any such defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

The Funds expressly reserve all rights with respect to all counterclaims or cross-claims that may be revealed during the course of discovery or through the Receiver's independent investigation.

## JURY TRIAL DEMANDED

The Funds demand a trial by jury for all issues so triable.

\*       \*       \*       \*

*THE REMAINDER OF THIS PAGE HAS BEEN LEFT INTENTIONALLY BLANK*

**WHEREFORE**, having fully answered, the Funds respectfully request entry of judgment:

(a)     against the Madoff Trustee and in favor of the Funds on all Counts;

(b)     dismissing with prejudice all claims against the Funds;

(c)     awarding the Funds the costs of defending this action, including attorneys' fees,

costs and disbursements;

(d)     allowing the Funds' SIPA claims to the fullest extent permitted by law; and

(e)     granting such other and further relief as the Court may deem just and proper.


Dated:  December 16, 2010
        New York, New York

                              **REED SMITH LLP**


                              By: /s/ James C. McCarroll
                              James C. McCarroll (JM 2758)
                              Lance Gotthoffer (LG 5932)

                              599 Lexington Avenue, New York, NY  10022
                              Telephone:  (212) 521-5400
                              Facsimile:  (212) 521-5450
                              jmccarroll@reedsmith.com
                              lgotthoffer@reedsmith.com

                              *Attorneys for Bart M. Schwartz, as Receiver of*
                              *Ariel Fund Limited and Gabriel Capital L.P.*